**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
02-21921-CIV-PAS**

CARLOS L. WOODSON,

    Petitioner,

v.

SEC'Y DEPT. OF CORRECTIONS,

    Defendant.

_____/

<u>ORDER DISMISSING PETITIONER'S AMENDED MOTION FOR RELIEF FROM JUDGMENT AND ORDER, AND DENYING MOTION FOR INJUNCTIVE ORDER AND MOTION FOR ORDER COMPELLING DISCOVERY</u>

THIS MATTER is before the Court upon Petitioner's *pro se* Amended Motion for Relief from Judgment and Order [DE-115] brought pursuant to Fed. R. Civ. P. 60(b). Petitioner also filed a Motion for Injunctive Order [DE-114] and a Motion for Order Compelling Discovery [DE-119]. The Government has not responded.

Having carefully reviewed these motions and the pertinent portions of the record in this case, the Court concludes that Petitioner's Rule 60(b) motion is in substance a second or successive habeas petition for which the Petitioner has not obtained the Eleventh Circuit Court of Appeals permission to file. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) requires Petitioner to first obtain authorization from the Eleventh Circuit Court of Appeals before this Court can consider the Motion. See 28 U.S.C. § 2244(b)(3)(A). Because the Petitioner was denied such authorization, the Court lacks jurisdiction to consider Petitioner's motions. Accordingly, the Court dismisses Petitioner's Amended Motion for Relief from Judgment and Order [DE-115] and denies the related motions [DE-114; DE-119].

    I.    <u>Background</u>

        A. *State Court Proceedings*

In 1997, following a jury trial in Miami-Dade Circuit Court, Petitioner Carlos L. Woodson ("Woodson") was convicted of one count of burglary with an assault or battery therein while armed and

two counts of sexual battery committed with a deadly weapon or force. He was sentenced to a term of life imprisonment that later, for reasons not relevant to this matter, was reduced to forty-five (45) years. [DE 12 at 134-35]. Petitioner's conviction was affirmed on appeal. *Woodson v. State*, 739 So.2d 1210, 1211 (Fla. Dist. Ct. App.), rev. denied, 749 So.2d 505 (Fla. 1999) (table).

### B.  *Petitioner's Previous Requests for Relief in this Case*

Petitioner filed the initial Petition for Habeas Corpus in this case in 2002 [DE-1]. After Petitioner filed an Amended Petition for Writ of Habeas Corpus in 2004, the Magistrate Judge issued a Supplemental Report recommending denial of Petitioner's requests for habeas relief [DE 43, 56]. Following a *de novo* review, this Court affirmed the Magistrate Judge's ruling, denied the petition for habeas corpus on the merits and closed the case [DE 60]. The Court also denied Petitioner's requests for a certificate of appealability [DE 77, DE 83], and motion to proceed *in forma pauperis* [DE-89]. Petitioner appealed but voluntarily dismissed his appeal in 2007 [DE 90].

In 2016, citing Fed. R. Civ. P. 60(b), Petitioner filed a Motion to Vacate Judgment [DE-91]. The motion sought to vacate this Court's above-referenced 2004 Order affirming the Magistrate Judge's Supplemental Report. The Motion alleged that the State trial court lacked jurisdiction to try Petitioner because the prosecutor who filed the Information against him perjured herself by falsely swearing that the Information was based upon facts sworn to by a material witness. *Id*. at p.4. Petitioner argued that because his State conviction was void, the federal district court similarly lacked subject-matter jurisdiction. *Id*. at pp. 2, 11. Petitioner also sought his immediate release from custody. In conjunction with his motion to vacate, Petitioner filed a Motion to Expand the Record, asking the Court to order the State trial court to provide him with certain documents from his case [DE 92]. The Court denied both motions and ordered that no certificate of appealability issue [DE 93].

Soon thereafter, Petitioner filed his Supplemental Amended Motion to Vacate Judgment asserting the same arguments raised in the motion to vacate that the Court had recently denied [DE 95]. The Court

again denied the motion [DE 98].[1] The Court also denied Petitioner's request to proceed *in forma pauperis* [DE 104]. Petitioner appealed to the Eleventh Circuit, which denied his request for a certificate of appealability and affirmed this Court's denial of his motion to expand the record [DE 108].

On November 19, 2018, Petitioner filed a Petition for a Second/Successive Habeas Corpus with the Eleventh Circuit Court of Appeals. *In Re: Carlos Woodson*, No. 18-14811 (11th Cir. 2018). Woodson's Application alleged that the state prosecutor in his trial violated *Brady v. Maryland* by refusing to provide Woodson a sample from the scene of the crime that could be tested for DNA because there was not enough sample remaining after the government conducted its test. On December 6, 2018, the Eleventh Circuit Court of Appeals denied Woodson's Application for Leave to File a Second or Successive Habeas Corpus Petition, 28 U.S.C. § 2244 (b). *In Re: Carlos Woodson*, No. 18-14811 (11th Cir. 2018).[2] The Court, citing 28 U.S.C. § 2244(b)(2)(B)(i) and (ii), concluded that Woodson did not establish that the new evidence would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found him guilty of the underlying offense. The Court noted that Woodson did not allege that there actually existed newly discovered DNA evidence that established his innocence, but only that there was DNA evidence that could be tested.

On March 8, 2019, the Eleventh Circuit Court of Appeal denied another Application for Leave to File a Second or Successive Habeas Corpus Petition, 28 U.S.C. § 2244 (b*). In Re: Carlos Woodson*, No. 19-10599-E (11th Cir. 2019*).* In this Application, Petitioner again requested to file a second petition based on his claim that that his *Brady v. Maryland* rights were violated at trial when he was not provided crime

---

[1] Numerous other motions, including but not limited to motions to strike, to withdraw earlier motions, to supplement the record, for clarification, to proceed on appeal in forma pauperis, etc., were filed and ruled upon. These motions are not referenced in this Order as they are not relevant to the resolution of the instant motion.

[2] In the Motion at bar, Petitioner did not submit or reference the Eleventh Circuit's denial of his request to file a successive or second habeas motion related to his request to conduct additional DNA testing. The Court discovered the Petitioner's Application and denial of same by conducting a search of the Eleventh Circuit's electronic filing database (PACER).

scene samples for DNA testing.  The Eleventh Circuit concluded that it lacked jurisdiction to consider Woodson's application because he raised the same claim in a prior application that the Court denied.  In so doing, the Court stated, "In both applications he has claimed that newly discovered evidence establishes his innocence.  Specifically, his only claim in his previous application was that a new method of DNA testing, which would establish his innocence, had arisen since trial.  That is his only claim in the present application as well. Thus, because the basic gravamen of these claims is the same, we dismiss the application for lack of jurisdiction." *Id*. at 3.

In the currently-pending Amended Motion for Relief from Judgment and Order [DE 115] pursuant to Fed. R. Civ. P. 60(b) and 60(b)(6), Petitioner seeks to reopen this habeas corpus case, filed in 2002, notwithstanding the Court's denial of his initial and amended petitions for writ of habeas corpus [DE 60] and of his subsequent efforts to reopen this case. [DE 68; DE 72; DE 73; DE 74; DE 93].[3] Petitioner asserts that his rights to due process under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194 (1963) were violated when the prosecutor did not provide him with a sample of the DNA collected from the crime scene because too little of that sample existed after the State's testing process [DE 115 at pp. 4, 25]. Petitioner, claiming actual innocence, argues that extraordinary circumstances exist warranting Rule 60(b)(6) relief, where the testing procedure used in his case was flawed and that an accurate DNA test would have made his acquittal more likely than not. *Id*. at pp. 3, 6, 8-9. Petitioner asks this Court to reopen this habeas corpus proceeding and order the State to allow access to the DNA evidence used at his trial, asserting that a new type of DNA testing called "STR DNA" testing, could be used to test very small DNA samples. *Id*. at 8.  Petitioner also requests the Court to order the U.S. Marshal's Service to take possession of the State's DNA evidence and designate the Federal Bureau of Investigations to conduct the

---

[3] Petitioner previously filed a Motion for Relief from Judgment or Order [DE 112] and Motion to Amend Motion for Relief [113], both which relate to the current Amended Motion.  Those Motions are denied as Moot as the Defendant has now filed an Amended Motion for Relief and was not required to seek leave from the Court prior to filing an Amended Motion.

STR DNA test he seeks. [DE 114 at pp. 1-2]. Finally, Petitioner moves to compel the State to produce all of the DNA evidence that was presented against him at the criminal trial. [DE 119].

II. Analysis

Fed. R. Civ. P. 60(b) provides in relevant part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

In addition, Rule 60(c) states: A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

Title 28 U.S.C.A. § 2244 of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), provides in pertinent part:

> (b)(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) *Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.*

(emphasis added). As explained above, in the Motion at bar, Petitioner requests that the Court order the Defendant to permit him to have access to the prosecution's DNA evidence so that he can conduct additional testing to prove his actual innocence. [DE 115 at 3]. The gravamen of this claim is the same as those raised in his two applications that sought authorization to file a second or successive petition that were denied by the Eleventh Circuit. The fact that the Petitioner has couched his request in a Rule 60(b) Motion and raises this exact issue for the first time in this Court does not allow Petitioner to side-step the requirements applicable to second or successive petitions. Indeed, while Rule 60(b) permits a party to seek relief from a judgment on certain limited grounds, it cannot be used by habeas petitioners to raise new claims for habeas relief: this use would circumvent the Section 2244's requirement that a petitioner obtain the approval of the appropriate court of appeals before filing a second or successive habeas petition. See, *Gonzalez v. Crosby*, supra, 545 U.S. 524, 125 S.Ct. 2641, 2647-48; *Franqui v. Florida,* 638 F.3d 1368, 1371 (11th Cir. 2011).

The Supreme Court recently described the phrase "second or successive application," as a "term of art," which "is not self-defining." *Banister v. Davis*, 140 S. Ct. 1698, 1705 (2020); (citing) *Slack v. McDaniel*, 529 U.S. 473, 486, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *Panetti v. Quarterman*, 551 U.S. 930, 943, 127 S.Ct. 2842, 168 L.Ed.2d 662 (2007). But as the Court made clear in *Gonzalez v. Crosby*, a Rule 60(b) motion is treated as a successive habeas petition if it: (1) "seeks to add a new ground of relief;" or (2) "attacks the federal court's previous resolution of a claim on the merits." *Id*. at 532, 125 S. Ct. at 2641; *United States v. Saint Surin*, 693 F. App'x 787, 789 (11th Cir. 2017). A "claim," as described by the Court in *Gonzalez*, is "an asserted federal basis for relief." *Id*. at 530, 125 S.Ct. 2641. The Court described the term "on the merits" to mean a determination whether grounds exist entitling a petitioner to relief. *Id.* at 532 n.2, 125 S.Ct. 2641. When a Rule 60(b) motion qualifies as a second or successive habeas petition as defined in *Gonzalez*, it must comply with the requirements for such petitions under the AEDPA. *United States v. Saint Surin, supra*, 693 F. App'x 787 at 789.

6

III.    Conclusion

Here, the new claim Petitioner presents is that his due process rights under *Brady v. Maryland* were violated when the State failed to preserve a sufficient amount of a DNA specimen for him to conduct an independent analysis of that DNA. That federal habeas claim is the only claim raised in the Motion at bar and challenges the legality of his state court conviction. It is therefore a successive petition. Pursuant to Section § 2244(b)(3)(A), Petitioner must obtain the Eleventh Circuit's authorization before he can seek relief in this Court on this claim. Because the Eleventh Circuit denied his request for authorization to file this successive claim, this Court lacks jurisdiction to consider Petitioner's successive petition. See, *Faison v. Sec'y, Fla. Dep't of Corr.*, 806 F. App'x 938 (11th Cir. 2020); *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) ("The AEDPA provides that, to file a second or successive § 2255 motion, the movant must first file an application with the appropriate court of appeals for an order authorizing the district court to consider it. See 28 U.S.C. § 2244(b)(3)(A)"). Therefore, it is

**ORDERED** that:

1. Petitioner's Amended Motion for Relief from Judgment and Order [DE-115], is **DISMISSED** for lack of subject matter jurisdiction;

2. Petitioner's Motion for Injunctive Order [DE-114] and Motion for Order Compelling Discovery [DE-119] are **DENIED**;

3. Petitioner's Motion for Relief from Judgment or Order [DE 112] and Motion to Amend Motion for Relief [113] are **DENIED as MOOT**.

**DONE and ORDERED** in Chambers in Miami, Florida, this 10th day of August, 2020.

PATRICIA A. SEITZ
UNITED STATES SENIOR DISTRICT JUDGE