UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
02-21921-CIV-PAS

CARLOS L. WOODSON,

    Petitioner,

v.

SEC'Y DEPT. OF CORRECTIONS,

    Defendant.
_____/

ORDER DENYING PETITIONER'S MOTIONS
FOR CERTIFICATE OF APPEALABILITY AND TO PROCEED
IN FORMA PAUPERIS ON APPEAL

THIS MATTER is before the Court upon Petitioner's Motion for Certificate of Appealability [DE 123], his Amended Application for Certificate of Appealability, [DE 125], and Motion for Leave to Proceed in Forma Pauperis on Appeal [DE 126]. For the reasons discussed, the Petitioner is not entitled to any of the relief he seeks, and the Motions must be denied.

I. Background

These three Motions arise out of the denial of the Petitioner's Rule 60(b) Motion in which the Petitioner sought to reopen this habeas case seeking an order requiring the state to allow him access to the DNA evidence presented at the state court trial, to prove his actual innocence. This Court dismissed the Motion because it was in substance a second or successive habeas petition, which required him first

to obtain prior authorization from the Eleventh Circuit Court of Appeals for this Court to consider it. See 28 U.S.C. § 2244(b)(3)(A). Because Petitioner did not do so, this Court lacked jurisdiction to consider the Petitioner's Rule 60 Motion. Petitioner's three separate Motions request: reconsideration of the denial, the issuance of a Certificate of Appealability and leave to proceed in forma pauperis on appeal.

   II.  Motions for Certificate of Appealability and Motion for Reconsideration

In his Motion for Certificate of Appealability, Petitioner requests that the Court either reconsider the merits of the August 10, 2020 denial of his Rule 60(b) Motion, or issue a certificate of appealability [DE 123]. Petitioner argues that evidence exists in the case that would show that he is actually innocent and that his state court conviction resulted from a constitutional violation and thus a fundamental miscarriage of justice will occur if the Court does not correct this error by reopening this habeas case [DE 123 at 1-2]. The Petitioner specifies that he seeks a Certificate of Appealability to determine "[w]hether the fundamental miscarriage of justice exception is subject to the second or successive bar applied by this Court as the basis for dismissing Petitioner's rule 60(b) motion for lack of subject matter jurisdiction." [DE 123 at 2].

Petitioner also filed an Amended Application for Certificate of Appealability. In that Motion, Petitioner contends that the Court abused its discretion by dismissing his Rule 60(b) Motion [DE 125]. Petitioner argues that the Court misconstrued his Rule 60(b) Motion as he did not seek to challenge his state court

2

conviction through that Motion, but rather sought to reopen his 2002 habeas proceeding to obtain evidence that would support his actual innocence claim. He further argues that denial of his request to obtain additional evidence would result in a fundamental miscarriage of justice because the Petitioner is actually innocent.

As stated above, this Court determined that it did not have jurisdiction to consider the Movant's Rule 60 Motion because he had failed to obtain authorization from the Eleventh Circuit to file a successive § 2254 petition. The Eleventh Circuit has held that where a district court lacks subject matter jurisdiction over a Rule 60(b) motion it also lacks jurisdiction to grant a COA. See *Williams v. Chatman*, 510 F.3d 1290, 1295 (11th Cir. 2007) (citation omitted). *Boone v. Sec'y, Dep't of Corr.*, 377 F.3d 1315, 1317 (11th Cir.2004) (per curiam) (vacating a COA granted by the district court, which lacked subject matter jurisdiction over the prisoner's Rule 60(b) motion). Further, no COA is required to appeal this Court's dismissal for lack of jurisdiction of an unauthorized successive habeas petition. *Hubbard v. Campbell*, 379 F.3d 1245, 1246–47 (11th Cir. 2004). Accordingly, the Court denies the Petitioner's request that a Certificate of Appealability issue.

To the extent that the Petitioner requests that the Court reconsider the dismissal of his Rule 60(b) Motion for lack of jurisdiction, the Petitioner has presented no reason for this Court to ignore the established precedent regarding successive § 2254 motions styled as Rule 60(b) motions. On this issue, Petitioner states that the Court misconstrued the relief he sought, in the Rule 60 Amended Motion. However, in that motion, Petitioner stated *inter alia,*

3

> Extraordinary circumstances exist in this case which warrant Rule 60(b)(6) relief.  Such relief is necessary in order to vindicate Woodson's pretrial state and federal constitutional rights to access to the prosecution's DNA evidence . . .so that Woodson can subject the evidence to reliable separate (STR) DNA testing in order to obtain the exculpatory evidence he needs to prove his actual innocence.

[DE 115 at 3]. Thus, Petitioner did not seek to challenge the integrity of the proceedings surrounding the resolution of his habeas Petition in this Court, but rather sought to collect additional evidence to challenge the validity of his state court conviction.  Given this, there is no merit to Petitioner's argument that the Court misconstrued his Rule 60 Motions and improperly denied those Motions as successive attacks on the purported errors in his state court conviction.

   III.  Motion for Leave to Proceed In Forma Pauperis

In this Motion, Petitioner states that his financial status has not changed since he was permitted to proceed in forma pauperis in his prior proceedings [DE 126].  Thus, he contends that he is entitled to proceed on appeal in forma pauperis.

Applications to appeal in forma pauperis are governed by 28 U.S.C. § 1915 and Federal Rule of Appellate Procedure 24. A federal court may authorize a party to proceed in forma pauperis upon an affidavit of indigency. 28 U.S.C. § 1915(a); see Fed. R. App. P. 24(a)(1).  An appeal, however, "may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3); accord Fed. R. App. P. 24(a)(3)(A). A party who seeks appellate review of an issue does so in good faith if the issue is not frivolous from an objective standard. See *Coppedge v. United States*, 369 U.S. 438, 445 (1962). In other words, an IFP action is frivolous, and thus not brought in good faith, if it is "without arguable

merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001); Accord *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (holding that an in forma pauperis action is frivolous if it is without arguable merit either in law or fact.).

The Court finds that Petitioner's request to appeal in forma pauperis is frivolous, and thus not taken in good faith. Specifically, Woodson's Rule 60(b) motion that the Court dismissed for lack of jurisdiction involved the same issues raised in his original § 2255 motion, and thus, was a second or successive § 2255 motion. See *Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005). As such, Woodson had to first receive permission from the Eleventh Circuit Court of Appeals before this Court had jurisdiction to consider that Motion. Because he did not do so, the Court was required to dismiss the Motion for lack of jurisdiction. See *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003). Woodson has not presented a nonfrivolous argument for appealing the dismissal of his Rule 60(b) motion for lack of jurisdiction, and thus his request is not made in good faith. Therefore, it is

**ORDERED** that:

1. Petitioner's Motion for Certificate of Appealability [DE 123], and Amended Application for Certificate of Appealability, [DE 125] are DENIED.

2. A certificate of appealability SHALL NOT ISSUE due to lack of jurisdiction to issue a certificate.

3. The Motion for Leave to Proceed in Forma Pauperis on Appeal [DE 126] is DENIED.

4. The Court certifies that the request to appeal the Court's dismissal of the Movant's Rule 60(b) Motion for lack of jurisdiction is not taken in good faith.

**DONE and ORDERED** in Miami, Florida, this 29th day of September, 2020.

_____
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE