**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**02-21921-CIV-PAS**

CARLOS L. WOODSON,

    Petitioner,

v.

SEC'Y DEPT. OF CORRECTIONS,

    Respondent.

_____/

### ORDER DENYING MOTION TO SUPPLEMENT THE AMENDED MOTION FOR CERTIFICATE OF APPEALABILITY

THIS MATTER is before the Court upon Defendant Carlos Woodson's Motion to Supplement the Amended Motion for Certificate of Appealability (DE 129).

The Court has carefully reviewed the Motion and the pertinent portions of the record. Based thereon, the Court concludes that the Petitioner's Motion to Supplement must be denied. The new Motion seeks to raise arguments related to motions that have already been ruled on and denied, and therefore is moot. In addition, to the extent Petitioner attempts to raise a new claim regarding ineffective assistance of counsel, the Motion to Supplement is actually a successive 28 U.S.C. § 2254 Motion, which requires that Petitioner obtain authorization from the Eleventh Circuit before this Court may consider that claim. Finally, Petitioner's attack on the Court's determination that his prior Rule 60 Motion was actually a successive § 2254 petition is without merit as this Court was without jurisdiction to consider that successive petition absent authorization from the Eleventh Circuit to do so.

I.     Petitioner's Request to Supplement his Motions for Certificate of Appealability is Moot

In his most recent Motion, Petitioner Woodson requests that he be permitted to supplement his Motion for Certificate of Appealability (DE 123), Amended Application for Certificate of Appealability ("COA") (DE 125) and Motion for Leave to Proceed in Forma Pauperis on Appeal (DE 126). Those Motions related to the Court's August 10, 2020 dismissal of Woodson's underlying Rule 60(b) Motion, which sought to reopen this 28 U.S.C. § 2254 case on the grounds that new DNA testing was available that would prove his innocence and therefore invalidate his state court conviction (DE 120). This Court deemed that Rule 60 Motion to be a successive § 2254 petition because it sought to reassert a basis for relief from his State court judgment of conviction that had previously been raised. As such, Woodson was required to obtain authorization from the Eleventh Circuit before this Court could consider that successive petition. Because Woodson had not obtained that authorization, the Court dismissed his Rule 60(b) Motion for lack of jurisdiction. Woodson then filed a Motion and Amended Motion for Certificate of Appealability and a Motion to Proceed In Forma Pauperis on Appeal (DE 128). Those Motions were denied on September 29, 2020 (DE 128).

On that same date, Woodson mailed the instant Motion which seeks to supplement those three motions. The instant Motion was docketed on October 2, 2020 (DE 129). Thus, because the Court had already ruled on the underlying Motions before Petitioner filed the current Motion to Supplement, the instant Motion is denied as Moot.

II. Petitioner Is Not Entitled to the Requested Relief

    A.   *Petitioner Failed to Obtain Authorization from the Eleventh Circuit to File a Successive § 2254 Motion*

Even if Woodson's Motion to Supplement was not moot, he still would not be entitled to the relief his Motion seeks. Woodson requests that he be allowed to supplement his Motions for Certificate of Appealability and to Proceed In Forma Pauperis on Appeal to raise an ineffective assistance of trial counsel claim. As noted, the Court dismissed his Rule 60(B) Motion for lack of jurisdiction. Consistent with that dismissal, the Court denied Woodson's Motion for Certificate of Appealability and Amended Application for Certificate of Appealability finding that it lacked jurisdiction to issue a COA. The Court also denied his Motion for Leave to Proceed in Forma Pauperis on Appeal (DE 128) finding that he had not raised a nonfrivolous argument for appealing the Court's dismissal for lack of jurisdiction.

Woodson's Motion to supplement contends that the Court should reopen his case so that he can present an otherwise defaulted ineffective assistance of trial counsel claim.[1] Thus, Woodson again raises an issue that is not a true Rule 60(b) issue but actually seeks to present a new ground for relief from a state court judgment of conviction. Thus, it is a successive § 2254 Motion that this Court cannot consider without authorization from the Eleventh Circuit. See *Gonzalez v. Crosby*, 545 U.S. 524, 533, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005).[2]

---

[1] It is not clear what Woodson contends counsel failed to do in either the trial or post-trial proceedings.

[2] If Petitioner seeks to have the Court reconsider an ineffective assistance of trial counsel claim that he contends this Court incorrectly denied when it was initially raised in his 2254 Petition, his request is untimely as this Court denied all of his claims on October 15, 2004 (DE 60).

B. *Petitioner's Rule 60 Motion is Without Merit*

Petitioner also contends that the Court erred by dismissing his § 2254 petition on abuse of writ grounds without first giving the Petitioner opportunity to demonstrate that he did not abuse the writ as required by § 2244(d)(2). This argument is without merit. To be clear, again, the Court dismissed Petitioner's Rule 60 Motion for lack of jurisdiction because he failed first to obtain authorization from the Eleventh Circuit to file that successive Motion. In so doing, the Court observed that Petitioner was *not* attacking the procedures the Court used in denying his original § 2254 Petition, but rather sought relief related to his desire to have additional DNA testing conducted to prove that he was actually innocent of the crime for which he was convicted.

In an effort to avoid this Court's conclusion, Petitioner now assails the Court's procedures in denying his initial Rule 60(b) Motion on jurisdictional grounds. In particular, Woodson contends that this Court procedurally mishandled the resolution of his Motion to reopen this matter and cites 28 U.S.C. § 2244(d)(2) for the proposition that this Court is required to give Petitioner an opportunity to establish that he is not abusing the § 2254 writ before dismissing his Motion. Considering that Petitioner is proceeding *pro se*, and giving a very liberal reading to his current motion, Petitioner is arguably attempting to raise a true Rule 60 issue, rather than a successive § 2254 issue. Such a challenge does not require authorization from the Eleventh Circuit before this Court may consider it. *Philistin v. Warden*, 808 F. Appx. 914 (11th Cir. April 7, 2020) (stating "When a petitioner's motion does not raise a claim based on the merits of his § 2254 petition, however, that motion should not be treated as a successive habeas petition.")

Nonetheless, Petitioner still is not entitled to relief on this issue. Petitioner cites 28 U.S.C. § 2244(d)(2) to support his argument that the Court erred in the manner of dismissing his Rule 60 Motion. However, the statute Woodson relies on does not give a petitioner the right to have an opportunity to address a court before a petition is dismissed for lack of jurisdiction. Instead, that section sets forth a tolling provision for otherwise untimely writs that are subject to Antiterrorism and Effective Death Penalty Act's (AEDPA) statute of limitations.[3] This Court did not determine that Petitioner's claims raised in the Rule 60 Motion were untimely, thus the cited statute is inapplicable to the issues currently before the Court.

Moreover, this Court did not deny Petitioner's motion on its substance but instead determined only that the Court did not have jurisdiction to consider a successive or second § 2254 Petition without prior Circuit Court authorization. Under that circumstance, Petitioner was not entitled to "show cause" why the Court's characterization of his Rule 60 Motion was incorrect.[4] Finally, the arguments Petitioner currently raises do not convince this Court that it should not have dismissed his Rule 60(b) Motion as a successive § 2254 Motion, absent any

---

[3] Title 28 U.S.C. § 2244(d) provides,

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

[4] Petitioner also was not entitled to a "warning" regarding the implications of the Court recharacterizing his Rule 60 Motion as a successive 2254 Motion. See *Castro v. United States*, 540 U.S. 375, 382–83 (2003) (court that wishes to recharacterize pro se litigant's pleading as first 28 U.S.C. § 2255 motion must (1) notify litigant of court's intent, (2) warn litigant that recharacterization means that subsequent § 2255 motion will be subject to restrictions on "second or successive" motions, and (3) give litigant opportunity to withdraw motion or to amend it to include all § 2255 claims). Because this case was initially filed pursuant to § 2254, Petitioner has necessarily already filed his first § 2254, and thus the Court's recharacterization of the Rule 60 Motion did not raise *Castro* concerns. See *Castro*, 540 U.S. at 383.

indication that the Eleventh Circuit had authorized the Court to consider that Motion. Therefore, it is

>    **ORDERED** that:
>
>    1. Petitioner Carlos Woodson's Motion to Supplement the Amended Motion for Certificate of Appealability (DE 129) is DENIED as MOOT;
>
>    2. To the extent that Petitioner raises a new ineffective assistance of counsel claim, the Motion is a successive § 2254 petition that requires authorization from the Eleventh Circuit before the Court may consider its merits, and thus is DISMISSED for lack of jurisdiction;
>
>    3. To the extent that the Motion to Supplement challenges this Court's procedure in dismissing Petitioner's initial Rule 60(b) Motion, the Motion to Supplement is DENIED.
>
>    4. As to issues 1 and 3, the Court will not issue a Certificate of Appealability because the Petitioner has failed to demonstrate that reasonable jurists could debate the denial of the Petitioner's requested relief. As to issue 2, the Court will not issue a Certificate of Appealability because it lacks jurisdiction to do so.

**DONE and ORDERED** in Miami, Florida, this 12th day of November, 2020.

_/s/ Patricia A. Seitz_
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE